Ruffin', Judge,
 

 delivered the opinion of the Court:
 

 Since this cause was decided in this court (January 1817) the Complainant has amended his bill by charging that the Defendants transport many persons and much property at their ferry
 
 for pay ;
 
 as to the particulars or amount of which he is unable to procure proof. He has also appended to his bill the orders of the county court o? Rowan, by which his ferries were appointed and settled many years ago. The bill, then prays a discovery, an account since the commencement of the suit at law, mentioned in his original bill and an injunction. To this amended bill the Defendants appeared and put in a demurrer, whereupon, the cburt upon motion awarded the injunction till further order of the court, and upon argument of the demurrer, overruled it, and ordered the Defendants to answer. From those orders and decrees títere is an appeal to this Court. The' case certainly, stands upon different grounds, in many respects, from what it formerly did. The Complainant has now appended
 
 his title
 
 and thereby shown that he has the exclusive right to a ferry, which the Defendants have violated in direct opposition to the provisions of the acts of Assembly, 1764, ch. 3, s. 4, and 1787, ch. 16, s. 1. The Defendants have appealed and
 
 demurred;
 
 by which they admit all the allegations of fact made in the bill, to be true: it is nevertheless, contended, that this Court ought not to interfere because Complainant has relief at law, and may make himself whole for the injury sustained in damages. A' plain answer to that objection is, that it is expressly charged in the bill, and admitted by the demurrer, that the Complainant is unable to procure proof, so as to proceed at law', and therefore this Court must entertain this bill upon the common ground, that there is no adequate
 
 *339
 
 relief to be obtained else where. Tliis consideration alone is sufficient to warrant the injunctions without adverting to the propriety of protecting the owner ol a clear, legal, exclusive right in the enjoyment of it, against such vio-Jations of it as may be repeated every hour in the day, and continued for years to come, and without calling to the Complainant’s aid, the ordinary rule which governs a Court of Equity, of assuming jurisdiction to avoid a multiplicity of suits. We arc therefore
 
 unanimously
 
 of opinion, that the injunction issue as ordered below, and. that the decree be affirmed
 
 in ioto.